■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH CRUZ, Appellant.— Order entered January 25, 1968, denying without a hearing appellant's motion for a writ of error *coram nobis*, unanimously reversed on the law the judgment of conviction is vacated and the matter remanded to the trial court for reimposition of sentence, *nunc pro tunc*, upon the guilty verdict rendered by the jury. While conceding defendant's right to relief, trial term denied defendant's application holding that his request should be addressed to the Appellate Division. In this the court below erred. The District Attorney concedes that defendant's request for a free trial transcript was denied thereby compelling defendant to prosecute his appeal without the benefit of his trial minutes. He also concedes that such denial violated the due process and equal protection clauses of the Fourteenth Amendment. (See *Griffin* v. *Illinois*, 351 U. S. 12; *Eskridge* v. *Washington Prison Bd.*, 357 U. S. 214.) Recently the Court of Appeals has ruled that defendants who claim that their appeals were improperly dismissed should utilize *coram nobis* application as distinguished from an application made directly to the Appellate Division for reinstatement of an appeal. (See *People* v. *Lampkins*, 21 N Y 2d 138, 142 [1967].) *A coram nobis* application to the trial court will protect appealability to the Court of Appeals, whereas a motion to reinstate the appeal, being a nonfinal order, will not be appealable as a matter of right. By following the procedure herein mandated this " Destitute defendant must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." (*Griffin, supra*, p. 19). Concur — Stevens, P. J., Markewich, Nunez and Steuer, JJ.

■ MICHAEL DURA, Appellant, v. WALKER, HART & Co., INCORPORATED, Respondent.— Order, entered October 28, 1968, unanimously modified, on the law and in the exercise of discretion, to provide that the plaintiff shall have 20 days from entry of order hereon to serve an amended complaint, and the order is otherwise affirmed, without costs and disbursements. There is a failure to state the " material elements " of plaintiff's cause of action in that the allegations of the complaint are insufficient to properly plead an agreement with respect to the finder's fee allegedly received by the defendant. (See CPLR 3013; cf. *Foley* v. *D'Agostino*, 21 A D 2d 60; *Shapolsky* v. *Shapolsky*, 22 A D 2d 91; *Flamingo Telefilm Sales* v. *United Artists Corp.*, 22 A D 2d 778; *Menon* v. *Kennedy*, 24 A D 2d 849.) In this connection, the allegations of the complaint are but " vaguely stated " (see *Shapolsky* v. *Shapolsky, supra*, p. 92) and, in accordance with the suggestions made on the argument, it is concluded that, in the interests of justice, the plaintiff should serve an amended complaint. We do not reach the question of the application and effect of the Statute of Frauds (General Obligations Law, § 5–701, subd. 10) on the agreement which the plaintiff may eventually plead. (Concur — Eager, J. P., McGivern, Markewich, Nunez and Steuer, JJ.